[No. 14225.   Department One.   February 5, 1918.]

W. A. McNALL, *Respondent*, v. AMANDA SANDYGREN, *Appellant*.[1]

ACTION—JOINDER—CAUSES ARISING OUT OF SAME TRANSACTION. A cause of action for damages from failure of a lessor to erect buildings stipulated for in a lease, and a cause for money expended by a tenant in caring for the lessor's share of the crops, may be joined under Rem. Code, § 296, as arising out of the same transaction.

SAME—JOINDER—ACTIONS ON CONTRACT. Under Rem. Code, § 296, causes of action on contract may be joined, they arising out of different transactions.

APPEAL—REVIEW—HARMLESS ERROR. Where causes of action improperly joined were expressly withdrawn from the jury, any ruling as to improper joinder is immaterial.

ACTION — JOINDER — CONTRACT OR TORT. An action for damages through failure of a lessor to erect buildings stipulated for in the contract of lease is an action on contract and not in tort, within Rem. Code, § 296, relating to the joinder of causes of action.

EVIDENCE—DAMAGES. It is admissible to testify as to damages by stating specific losses in money value, where the complaint and bill of particulars specifically set out items of loss, and the witness testified to facts on which the money value was based.

[1]Reported in 170 Pac. 561.

LANDLORD AND TENANT—DAMAGES—EVIDENCE—MATERIALITY. Damages to a tenant by reason of having no buildings, as agreed upon, to store seed wheat, cannot be defeated by showing that he had no seed wheat at the time in question.

WITNESSES—IMPEACHMENT—MATERIALITY. In an action for the landlord's failure to perform the contract of lease, evidence of any acts interfering with tenant's full enjoyment of the lease is proper matter for impeachment; and it is not a collateral matter that defendant told a miller not to sell plaintiff any feed or grain.

APPEAL — REVIEW — INSTRUCTIONS. In the absence of requests therefor, error cannot be assigned upon the failure to instruct that a counterclaim was still before the jury, after withdrawal of a cause of action to which it was addressed as a defense.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered January 16, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Martin & Jesseph,* for appellant.

FULLERTON, J.—On April 28, 1914, the appellant, Amanda Sandygren, leased to respondent, W. A. McNall, certain lands in Lincoln county, Washington, for the term of eighteen months. The lease was what is known as a cropping lease, the consideration being the delivery by the tenant to the lessor of a certain proportion of the crop raised. One of the conditions of the lease was that the appellant should build a two-roomed house and a shed barn upon the premises during the fall of 1914. These buildings were not constructed. A controversy arose between the parties over the performance of the conditions of the lease, and the appellant, to secure her interest in the crop of wheat produced, filed a lien thereon. This she afterwards released except as to 330 bushels. The respondent thereafter brought an action for damages, setting up five causes of action, the claims in the aggregate amounting to the sum of $1,051.03, upon which he admitted the appellant was entitled to a credit of $41 by

reason of a certain promissory note. The action was tried by the court sitting with a jury, and a verdict was returned in favor of the respondent in the sum of $151. This is an appeal taken from a judgment entered on the verdict.

The first error assigned is the overruling of appellant's demurrer to the complaint for misjoinder of causes of action. The first of the causes of action sought recovery for damages inuring to the tenant through failure of the lessor to erect certain buildings stipulated for in the contract of lease. The second was for damages arising from the filing of a lien by the lessor upon the tenant's portion of the crop raised under the lease. The third was for damages occasioned to the tenant in attempting to plow a certain portion of the land, as required by the lease, which was untillable by reason of its rocky nature, whereby he suffered the loss of his labor, seed, and certain plowing machinery. The fourth was for money expended by the tenant in purchasing sacks and twine for the purpose of caring for the lessor's portion of the crop which the lease made the duty of appellant to supply. The fifth cause was for the sum of $12 covering two days' rental of a header and header box let by the tenant to the lessor. The first and the fourth causes of action clearly arose out of the same transaction and were properly joined under the provisions of Rem. Code, § 296. The fifth cause arose out of a different transaction between the same parties, but arose upon contract and was joinable with the first and fourth under the same provision of the code. The second and third causes of action were expressly withdrawn from the jury, thus rendering any ruling as to their improper joinder immaterial.

The claim is made that the first cause of action is for a tort, and hence was not properly joined with the

fourth and fifth causes of action, which are plainly upon contract. We think there is no element of tort in the first cause of action. It is simply a claim for damages arising out of a breach of merely contractual relations, wholly unconnected with any allegations involving tortious acts or any infringement of a statutory duty, which would cause the action to sound in tort.

"The rule is general that, where contract relations exist the parties assume toward each other no duties whatever besides those the contract imposes." Cooley, Torts (2d ed.), 106.

From no viewpoint can the first cause of action be construed into one arising *ex delicto*. It arises through a breach of contract and thus creates an action arising *ex contractu*. It is true, there may be tortious conduct so interwoven with contractual relations as to warrant the bringing of an action sounding in tort, but an action based on the breach of a covenant which is virtually a part of the consideration is not of that character. There was no prejudicial error in overruling the demurrer.

Contention is made by the appellant that the court erred in permitting the respondent to testify as to his damages by stating his specific losses in money value, instead of testifying to the injury suffered and leaving it to the jury to determine the amount of damages. Such is undoubtedly the rule in those cases where the extent of the consequential damages is a matter of uncertainty to be determined from all the facts in the case. But a different situation is presented here. The complaint contained a paragraph in the nature of a bill of particulars, in which were set out the losses occasioned by appellant's breach of contract, in which the items of loss were thus specifically set out. The testimony objected to was addressed to this bill of

particulars and, in stating the loss in money on any individual item, the witness was testifying only to a question of fact in issue under the pleadings. In stating his losses prior to giving the money value on any item, he showed the facts on which that money value was based. The appellant had full opportunity to contest the basis for these items by cross-examination and by the introduction of counter evidence. The rule contended for by appellant is designed to exclude a witness from stating his opinion or conclusion as to what the money damage may be. But where the witness testified to facts showing the loss and expense he was put to by appellant's breach, there was no error in his computing the loss upon any item and stating it in gross.

Error is assigned on the exclusion of certain testimony. The respondent had testified that, because the buildings covenanted by respondent to be built on the land had not been built, he was obliged to haul his seed wheat during the time he should have been devoting his labor to the cultivation of the land, instead of hauling the seed in winter when there was nothing else to do. The appellant was not permitted to countervail this claim by testifying that the respondent did not then have any seed wheat to haul. Surely it requires no argument to show that this was not a defense to the claim.

A further contention is made that the court erred in admitting evidence tending to impeach the appellant upon a collateral matter on which she had been cross-examined. The appellant was asked on cross-examination whether she did not telephone the manager of the Spokane Flour Mills at Harrington not to let the respondent have feed or grain, to which she answered that she did not. This line of cross-examination was objected to as being outside the issues, immaterial, and prejudicial, but was permitted by the court. The man-

ager of the flour mills was later introduced as a witness and gave impeaching testimony, over objections of the appellant, that she did so instruct him. We think the examination of the appellant in this particular was not upon a collateral matter, and hence she was properly impeachable. The action was based upon the appellant's failure and refusal to perform her contract, and any evidence showing that she was doing acts to interfere with the respondent's full enjoyment of his rights under the contract of lease was a pertinent, and not a collateral, matter.

The appellant also contends that there was error on the part of the court in not advising the jury that the counterclaim filed by the appellant was still before them for consideration after the withdrawal of the second cause of action to which it was addressed as a defense. The appellant asked for no specific instruction upon this point. Further than this, the court did submit the counterclaim to the jury. In stating the issues, he called attention to the counterclaim and submitted to the jury two forms of verdict, one of which would have been wholly immaterial had the counterclaim been withdrawn. That he did not, in the body of his instructions, refer to the counterclaim other than to say that the burden was upon the appellant to establish it, was rather nondirection than misdirection, which cannot be taken advantage of unless there was a specific request and refusal to instruct with more particularity upon it.

Other objections to the instructions require no special consideration. The charge as a whole was fair and could in no manner mislead the jury.

The judgment is affirmed.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.